THOMAS STANTON

*v.*

MICHAEL DUDLEY.

NEW TRIAL—*verdict against the evidence.* In this case the judgment is reversed because the verdict of the jury is contrary to the evidence.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. M. A. DELANEY, and Mr. CHARLES FERM, for the appellant.

Messrs. RICHARDSON & HULL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action to recover for money lent and for board. The only witnesses were the parties themselves. As to the item for money lent, their testimony was directly contradictory. As to the board, the defendant, in his testimony, admitted there was a balance of $3 due to the plaintiff for that, and he undertook to counter-balance it by a certain claim of set-off, which the court rejected, and which the defendant then withdrew. This left the defendant's liability to the extent of $3 complete, as admitted by himself, yet the jury found for the defendant, and the court refused to grant a new trial.

The plaintiff testified to four weeks board at $5 per week; that defendant had paid only $10, and that there was a balance of $10 due.

The defendant testified to five weeks board at $5 per week; that he had paid $20, and done $2 worth of hauling for the plaintiff, and that the remaining $3 he had not paid and did not intend to pay, on account of the item of set-off rejected and withdrawn as aforesaid.

The only mode of arriving, from the evidence, at such a verdict as the jury found, was by taking the plaintiff's statement as to the number of weeks board, and rejecting his statement as to the amount paid, and by rejecting the defendant's statement as to the number of weeks board, and taking his statement as to the amount he had paid, and by discarding the testimony of both parties in regard to the balance due on account of board.

This mode of dealing with testimony, in order to reach a finding in favor of one party, can not be justified.

It was incumbent on the defendant to establish whatever payment he had made by a preponderance of testimony. There was, admittedly, according to the testimony of both parties, a balance due the plaintiff.

The court below should have granted a new trial, because the verdict was contrary to the evidence.

The judgment is reversed and the cause remanded.

*Judgment reversed.*